[Civ. No. 11344. Second Appellate District, Division One.—October 5, 1937.]

ELLA NELSON, Appellant, v. THE ANGELUS HOSPITAL ASSOCIATION OF LOS ANGELES (a Corporation) et al., Defendants; R. B. JENKINS, INCORPORATED (a Corporation), et al., Respondents.

Holbrook, Taylor, Tarr & Reed for Appellant.

Walter S. Coen for Respondents.

THE COURT.—Plaintiff herein brought action against the several defendants, to recover a judgment for damages which were asserted to have been sustained by her because of the alleged negligence of the defendant hospital and the defendant clinic, in the omission by each of such institutions or agencies to timely perform certain acts or to render to plaintiff certain services that assertedly should have been performed by each of them respectively in behalf of plaintiff while she was a medical patient in said hospital. Damages were further asserted to have been sustained, as far as concerned each of the other defendants (who was either a doctor, a nurse or a manager employed by, and who rendered services as such respective employee in, said hospital or clinic at and during said time), because of his alleged negligent act or conduct committed by him in connection with the care and treatment of plaintiff as such patient.

A verdict was rendered by the jury in favor of said plaintiff and against defendants R. B. Jenkins, Incorporated, R. B. Jenkins, and A. M. Dodd, and against plaintiff and in favor of defendants George Nador and H. Grace Franklin.

In pursuance of a motion which was made by defendants R. B. Jenkins, Incorporated, R. B. Jenkins, and A. M. Dodd, to the effect that as to them the trial court order that said judgment be vacated and that they be granted a new trial, the trial court made its order by which the verdict and the

judgment entered thereon in favor of plaintiff and against said defendants were "set aside and vacated . . . on the grounds that: (a) the evidence is insufficient to justify the verdict, and said verdict and judgment is against the law . . . ". With reference to plaintiff's motion to the effect that the judgment that was rendered in favor of defendants Nador and Franklin be vacated and set aside, the trial court made its order "that the motion of plaintiff to vacate and set aside the verdict herein and the judgment entered thereon . . . in favor of defendants George Nador and H. Grace Franklin and against plaintiff, and for a new trial as to defendants Nador and Franklin only, be, and the same is hereby denied". It is from that order and judgment that the instant appeal is prosecuted.

Appellant complains that although by the terms of the order as to certain of the defendants the judgment was vacated, the order contained no direction that a new trial be had as to them, and that because of that fact the trial court exceeded its power or jurisdiction,—with the result that the entire order was a nullity. But it is clear that such contention is untenable. Undoubtedly the trial court had jurisdiction of the parties, the cause, and of the particular motion that was presented to it. In such circumstances, the trial court was authorized to make its order,—whether, from a legal standpoint, correct or incorrect; and even though the latter condition could be legally established, the conclusive effect would be that mere error had been committed. Judging from the pleadings in the action and the evidence that was adduced on its trial, the trial court might have been persuaded that should a new trial be granted in no event could the plaintiff succeed on a retrial of the action. In such an assumed situation, it might have been possible that as to certain defendants the trial court intentionally omitted to order that a new trial should be had. But that such was not the intention of the judge of the trial court is made obvious from a consideration of the fact that a later "*nunc pro tunc*" order was made by the trial court (which order, although not properly a part of the record herein, nevertheless admittedly was made), and which order included a direction that as to the affected defendants a new trial was granted to plaintiff. Besides, throughout respondents' brief, in effect, the fact is repeatedly conceded that considering the language of the motion, the failure of the trial court to

expressly order that a new trial be had was a mere inadvertence on its part, and that at all times it was its intention to order (if that was legally necessary) that a new trial should be had as to such defendants. And since in respect to appellant's objection she is accorded everything which she asserts is her legal right in the premises, it becomes unnecessary to devote special consideration to any or either of the several legal aspects of the situation to which appellant has directed attention.

Although appellant has ably presented to this court for its determination each of several different legal questions, on consideration thereof it becomes manifest that all of them are merely incidental or subordinate to the ultimate question of whether the trial court abused its discretion in granting a new trial as to defendants R. B. Jenkins, Incorporated, R. B. Jenkins and A. M. Dodd, and in refusing a new trial as to the remaining defendants in whose favor the jury had returned its verdict. In that regard, and particularly with reference to the authority of the superior court in the matter, the law is well established that on consideration of a motion for new trial on the ground of insufficiency of the evidence to justify the verdict or decision, a trial court is not particularly concerned with the fact (if it so appear) that as to vital issues in the case the evidence was "conflicting". To the contrary, notwithstanding any such conflict, or even though the apparent weight of the evidence should be in support of the "verdict or decision", since it is the personal duty of the trial judge to weigh and to consider the evidence and to reach a just conclusion thereon, if he be satisfied that the verdict or decision in question is not in fact supported by the evidence, or that it is contrary to the weight of the evidence, he is not only authorized, but it is his bounden duty to grant the motion for new trial. (20 Cal. Jur. 117, 118, and authorities there cited.) In such a situation, on appeal from the order, all that is required to sustain it is the fact that the record discloses substantial evidence in support of the conclusion that has been reached by the trial court in that respect.

 With such principles of law in mind, ordinarily it might be deemed advisable that the evidence, or at least a summary of it, be set forth in order that either an abuse of discretion on the part of the trial court should be made clearly to appear, or that a justification for the making of

the order might be legally established. However, in the instant matter, for the reason that the pertinent evidence that related to the issue of the negligence of the hospital, the clinic, and that of each of the several individual defendants, is so voluminous that if such a course should be pursued this opinion would be unnecessarily or unjustifiably extended, it may suffice to state that after a careful examination of the transcript of the evidence, it appears therefrom that on such issue, as it affected each of the several defendants, the evidence that was introduced by plaintiff was not only directly in conflict with that which was presented by defendants, but also that the evidence so introduced by the latter greatly preponderated over that which the plaintiff had presented. Moreover, judging simply by the "cold record", and particularly that part relating to the testimony that was given by the experts, which by far constituted the bulk of such evidence, the quality and the resultant credibility of the evidence that was introduced in behalf of the defendants apparently was markedly higher and better than that which was offered and received in behalf of plaintiff. Whether the trial court actually was in complete accord with such a view of the situation is unnecessary of consideration. On its review and consideration of the evidence that was adduced on the trial of the action, if the trial court relied upon the abundance of substantial evidence that appears in the record, in support of that which to this court appears to be a correct conclusion that on the facts the verdict that had been returned by the jury was neither correct nor just, the clear duty of the trial court was to grant the motion as to defendants R. B. Jenkins, Incorporated, R. B. Jenkins and A. M. Dodd, and to deny it as to defendants George Nador and H. Grace Franklin. Although the motion that was granted contained many specified statutory grounds for the granting of a new trial as to defendants R. B. Jenkins, Incorporated, R. B. Jenkins and A. M. Dodd, it is noted that in making the order in question the trial court expressly limited its ground therefor to that of insufficiency of the evidence to justify the verdict; and in itself that fact is indicative of the attitude of the trial court and the reason which actuated or impelled the making of the order.

With reference to judicial conduct in the premises, nothing in the record to which the attention of this court has been directed points to anything other than a clear understanding

of the evidence on the part of the trial judge and his determination to make his ruling on the merits of the entire motion presented for his consideration in accord with the law applicable thereto.

The order and the judgment from which the appeal is taken herein are, and each of them is, affirmed.